IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SCOTT ALLEN SMITH                                              PLAINTIFF

                      v.                   Civil No. 07-3008

ROBERT "BEAU" ALLEN, Carroll
County Public Defender; and
ALAN D. EPLEY, Judge                                       DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Scott Allen Smith, currently an inmate of the Carroll County Detention Center, filed this civil rights action under 42 U.S.C. § 1983. He proceeds pro se and *in forma pauperis.* The complaint was provisionally filed prior to a determination regarding service of process.

### BACKGROUND

Smith brings this action under 42 U.S.C. § 1983. According to the Complaint, Smith contends that at his arraignment on October 2nd, Judge Epley, a named Defendant herein, appointed Mr. Robert "Beau" Allen, another named Defendant, as Smith's court-appointed attorney. Smith maintains he has only seen his attorney, Defendant Allen, one time in the five (5) months since his arraignment. In the meantime, Smith alleges Defendant Allen has failed to share evidence with him, including results from DNA testing done at the Arkansas Crime Lab, and that Defendant Allen refuses to take or return his calls, or respond to Smith's attempts to have motions filed. Smith further maintains Defendant Allen has filed for continuances without Smith's approval.

Smith states he wrote a letter to Defendant Judge Epley, seeking to obtain new counsel, which received no response. Smith requests that his case be dismissed, or in the alternative for a change of venue and for a new attorney to be appointed to him. Additionally, Smith seeks punitive damages in the amount of $10,000.00 per day since January 15th, 2007.

## DISCUSSION

Smith's claims are subject to dismissal. First, Alan D. Epley, a judge, is immune from suit. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). *See also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *See Mireles*, 502 U.S. at 11. It is clear from the allegations of the complaint that neither situation applies here.

In the past, claims for declaratory and injunctive relief "have been permitted under 42 U.S.C. § 1983 against judges acting in their official capacity." *Nollet v. Justices of Trial Court of Com. of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000), *aff'd without op.,* 248 F.3d 1127 (1st Cir. 2000)(*citing Pulliam v. Allen,* 466 U.S. 522 (1984)). "However, in 1996 Congress passed the Federal Courts Improvement Act ("FCIA"), Pub. L. No. 104-317, Title III § 309(c), 110 Stat. 3847, 3853, which legislatively reversed *Pulliam* in several important respects." *Nollet*, 85 F.

Supp. 2d at 210. As amended by the FCIA § 1983 now precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Smith does not allege that either of these prerequisites for injunctive relief are met. Thus, to the extent Smith seeks injunctive relief his claims are subject to dismissal. *See e.g., Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999)(holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation of a declaratory decree or the unavailability of declaratory relief); *Fox v. Lee*, 99 F. Supp. 2d 573, 575-576 (E.D. Pa. 2000)(claim for injunctive relief dismissed where plaintiff's complaint fails to allege that either of the prerequisites to injunctive relief were met); *Ackermann v. Doyle*, 43 F. Supp. 2d 265, 273 (E.D. N.Y. 1999)(dismissing action against judicial officers because plaintiff failed to allege that a declaratory decree was violated or the declaratory relief was unavailable).

Furthermore, to be entitled to equitable relief, "plaintiff must show that he has an inadequate remedy at law and a serious risk of irreparable harm." *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1392 (9th Cir. 1987)(citations omitted). Equitable relief is not appropriate where an adequate remedy under state law exists. *See Pulliam,* 466 U.S. at 542 & n. 22, 104 S. Ct. at 1981 & n. 22. *See also Sterling v. Calvin*, 874 F.2d 571, 572 (8th Cir. 1989). An adequate remedy at law exists when the acts of the judicial officer can be reviewed on appeal or by extraordinary writ. *See Mullis*, 828 F.2d at 1392 (citation omitted). *See also Nelson v. Com*, 1997 WL 793060, 2 (E.D. Pa. 1997)(appellate review of conviction provides plaintiff an adequate remedy under state law). *See also J&M Mobile Homes, Inc. v. Hampton*, 60 S.W.3d 481 (2001) (discussing when a writ of prohibition is appropriate).

Second, Smith's complaint as against Robert "Beau" Allen is also subject to dismissal. Defendant Allen, given the facts as pled by Smith, Defendant was acting as a public defender and not a state actor, and thus is not subject to 1983 liability. A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Smith does not allege Defendant Allen was acting other than in his traditional function as counsel at the relevant time.

Allegations that a public defender has conspired with judges or other state officials to deprive a prisoner of federally protected rights may state a claim under § 1983. *Tower v. Glover,* 467 U.S. 914, 923 (1984). Allegations of conspiracy, however, must be pled with sufficient specificity and factual support to suggest a "meeting of the minds." *Smith v. Bacon,* 699 F.2d 434, 436 (8th Cir.1983) (per curiam). Smith fails to allege any such facts and his claims against Defendant Allen are due to be dismissed.

## CONCLUSION

For the reasons stated, I recommend that all Smith's claims against Judge Alan D. Epley and Robert "Beau" Allen be dismissed on the grounds these individuals are immune from suit or not state actors for purposes of Section 1983 liability. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action may be dismissed on such grounds at any time). Such a dismissal will result in dismissal of Smith's case.

**Smith has ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Smith is reminded**

**that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of April 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)